```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


ALAN QUINN LUCAS,                  §
TDCJ-CID #644056,                  §
                                   §
          Petitioner,              §
                                   §
v.                                 §    CIVIL ACTION NO. H-05-3156
                                   §
DOUG DRETKE,                       §
                                   §
          Respondent.              §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Alan Quinn Lucas, an inmate of the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Lucas's habeas petition because it is an untimely and successive habeas petition under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d); 28 U.S.C. § 2244(b)(3)(A).

### I. Procedural History and Claims

Lucas was charged with aggravated kidnaping and aggravated sexual assault. See Lucas v. State, No. 01-93-00034-CR, 1994 WL 109477 (Tex. App. -- Houston [1st Dist.] March 31, 1994). In a

separate indictment he was charged with unauthorized use of a motor vehicle (UUMV) and theft.  Id.  A jury found Lucas guilty and sentenced him to forty years in prison for the aggravated kidnaping, fifty years for the aggravated sexual assault, and two years for UUMV.  State v. Lucas, Nos. 530195, 530196 (183rd Dist. Ct., Harris County, Tex., December 4, 1992).  He filed an appeal after the convictions; the Court of Appeals for the First Judicial District of Texas affirmed the judgments.  Lucas v. State, No. 01-93-00034-CR, 1994 WL 109477 (Tex. App. -- Houston [1st Dist.] March 31, 1994).  Lucas then filed a petition for discretionary review (PDR); the Texas Court of Criminal Appeals refused the PDR on June 29, 1994.  No petition for writ of certiorari was filed.

On January 9, 1996, Lucas filed two state applications for writs of habeas corpus challenging the convictions.[1]  The applications were forwarded to the Court of Criminal Appeals, which denied them without a written order based on the findings of the trial court on March 12, 1997.  Ex parte Lucas, No. WR-37,127-01; Ex parte Lucas, No. WR-37,127-02.  See Texas Court of Criminal Appeals Website (http://www.cca.courts.state.tx.us/).  On

---

[1]Lucas does not provide any information in his habeas petition regarding the procedural history of his state post-conviction challenges other than the fact that more than one was filed.  See pages 3-4 of Petition, #11.  The court verified the filing dates by contacting the Harris County District Clerk's Office.

September 17, 2002, Lucas filed another state habeas application challenging the judgment in Cause No. 530195. The Court of Criminal Appeals dismissed the habeas application for noncompliance with state rules on November 20, 2002. Ex parte Lucas, No. WR-37,127-03. Lucas filed his fourth and final state habeas application on December 10, 2002. The Court of Criminal Appeals dismissed that application as successive on February 26, 2003. Ex parte Lucas, No. WR-37,127-04.

The pending federal petition is considered filed on August 31, 2005, the date of Lucas's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to the Clerk of this court. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Lucas contends in his federal petition that his ninety-two year cumulated sentence exceeds his life expectancy. He claims that he never committed any crime. He further argues that he has already served sixteen years, which should be sufficient punishment for the crimes for which he has been found guilty. He explains that he has not previously done so because he was "misled by society into believing that [he] would not be required to serve [his] entire sentence." Lucas claims that he did not discover the deception until August 29, 2005.

## II. One-Year Statute of Limitations

Lucas's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Because Lucas challenges the validity of a state court judgment, his challenge is subject to the time limit imposed by § 2244(d)(1)(A).  The state court records indicate that the convictions became final on September 27, 1994, the last day Lucas could have filed a petition for writ of certiorari.  Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (habeas petitioner's state conviction became final 90 days after the Court of Criminal Appeals denied his PDR).

Lucas is entitled to a one-year grace period (from April 24, 1996, to April 23, 1997) because his conviction became final before the AEDPA was enacted.  See Flanagan, 154 F.3d at 200 n.2.  His first set of state habeas applications, which were dismissed 312 days after the commencement of the grace period, extended the deadline to March 12, 1998.  See Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000).

Lucas's third state habeas application was filed on September 17, 2002, more than four years after the grace period

-5-

expired. Therefore, any subsequent federal habeas application would be untimely. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the expiration of the one-year time limit did not toll the period). The Clerk's records for the Southern District of Texas reveal that Lucas has previously filed habeas petitions under 28 U.S.C. § 2254. See Lucas v. Dretke, No. H-05-1206 (S.D. Tex. 2005); Lucas v. Dretke, No. H-05-0701 (March 7, 2005, Memorandum and Order on Dismissal). The prior federal habeas actions do not toll the limitations period. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

Lucas's current federal habeas petition was filed on August 31, 2005, more than five years and five months after the expiration of the grace period. Lucas has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which Lucas's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D).

Construed liberally, Lucas's pleadings appear to allege that his lateness is due to his misunderstanding of the amount of time he must serve and his recent revelation regarding this fact. This argument is undermined by Lucas's prior federal case history in which he has previously argued that his prison sentence is "too

long." See Lucas, No. H-05-1206, Order of Dismissal. Moreover, Lucas's failure to understand the gravity of his sentence is insufficient to warrant equitable tolling of the habeas limitations period. Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002). Therefore, this action is subject to dismissal because it was filed more than one year after the convictions became final. 28 U.S.C. § 2244(d)(1)(A).

### III.   Successive Challenge

Apart from being untimely, the habeas petition filed in this action is barred pursuant to the AEDPA provisions prohibiting successive habeas challenges. This action is Lucas's fourth habeas challenge to his state court convictions.

The court again reminds Lucas that he must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition challenging the same state court judgments. 28 U.S.C. § 2244(b)(3). There is no showing that the Fifth Circuit has granted permission. Without such permission, this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998). See also United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). This action will be dismissed with a warning to Lucas that he may be sanctioned if he continues to file habeas actions that are clearly barred.

### IV.  Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Lucas has not made a substantial showing that

reasonable jurists would find the court's procedural ruling to be debatable. Therefore, a certificate of appealability from this decision will not be issued.

## V. Conclusion

Accordingly, the court **ORDERS** the following:

1.  The Petition for a Writ of Habeas Corpus filed in this action is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d); 28 U.S.C. § 2244(b).

2.  The petitioner is **WARNED** that he may be sanctioned if he files any other habeas petitions that are clearly baseless.

3.  The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

4.  A certificate of appealability is **DENIED**.

5.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 7th day of November, 2005.

                                    _____
                                          SIM LAKE
                                    UNITED STATES DISTRICT JUDGE